Milligan, J.,
delivered the opinion of the Court.
This is a presentment for “selling wine and ale on Sunday.” ■ On motion, the presentment was quashed, and the Attorney General, on hehalf of the State, prosecuted an appeal, in error, to this Court.
The sole question raised in the record, is, whether or not, the sale of wine or ale, on Sunday, constitutes an indictable offense, under the Statutes ? The Code, sec. 4861, provides: “No licensed grocer, or other person, in this State, shall retail spiritous liq-ors on Sunday.” The previous section, 4860, chap. 9, art. 1, declares that, “the provisions of this article are to he construed liberally, so as to prevent evasions and subterfuges, and to effectuate the object had in view. Without referring to other sections of the Code, which tend to elucidate the meaning of sec. 4861, we are satisfied, that the words “spiritous liquors,” used in this section, are evidently employed in a general sense, and intended to comprehend all alcholic or intoxicating liquors. The manifest object of the Legislature, was, to prevent the desecration of the Sabbath, (which, by our law, is dedicated to the worship of God, and the exercise of religious duties,) by the sale of an article, the use of which, is calculated to produce the most shamelesss disregard of all the pro *325 prieties and duties of life. The refined distinctions between distilled and fermented liquors, are wholly unavailing, when they contravene the purpose and obj ct of the law. .Practically, it can make no difference, whether the alcoholic principle is separated by distillation, or developed by fermentation. • In 'either case, the effect produced on the person drinking it to excess, is the same.
The judgment must be reversed.